UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MUHAMMAD SHAHID AKRAM,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**MUHAMMAD AKRAM, MUHAMMAD IMRAN AKRAM, and ISO STEVE SPRINKLE,**<br><br>       **Defendants.** | Civ. No. 22-02699 (KM) (JRA)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

    Muhammad Shahid Akram has filed a complaint naming Muhammad Akram, Muhammad Imran Akram and Immigration Security Officer Steve Sprinkle as defendants. The Court has granted *in forma pauperis* ("IFP") status. For the reasons expressed below, this complaint will be dismissed on initial screening because it fails to state a colorable basis for this Court's jurisdiction or plead Akram's causes of action.

    **I.**    **Background**

    Akram filed his complaint against his relatives and ISO Sprinkle on May 5, 2022. (DE 1.) The complaint itself is skeletal, consisting of a pro se civil complaint form in which only the sections for the parties and basis for jurisdiction is filled out with the rest of the sections left blank. (*Id.*) Indeed, the form indicates that Akram is claiming four bases of jurisdiction: federal question, diversity, and cases in which the U.S. is a plaintiff or defendant. (*Id.*) Additionally, Akram attached over 70 pages of materials to this form, including immigration paperwork, correspondence with immigration officials, copies of personal identification, and documentation related to Akram's claims to the IRS, Federal Trade Commission, and Parsippany-Troy Hills Police Department that his identity had been stolen by his brother or other family members.

1

Attached to this complaint was also Akram's application to proceed IFP without payment of fees under 28 U.S.C. § 1915, which I granted on May 10, 2022. (DE 1, 3.)

Since that time, Akram has filed three letters, none of which shed much light on the substance of his complaint. On May 19, 2022, Akram filed a document in this case entitled "Legal Services Agreement" that is dated December 5, 2019, and appears to be a contract between Akram and a New York-based attorney "to investigate potential allegations of child abuse in Newark, NJ" for a fee of $4500. (DE 19 at 1.) This document does not specify the person alleged to have committed child abuse and does not further detail the purpose of this agreement. (*Id.*) On June 30, 2022, Akram filed two separate letters stating that he has received numerous messages on his phone instructing him to appear in Essex County Superior Court regarding a criminal case. (DE 7, 8.) Without citing any basis for his belief, Akram claims that these messages are part of his brother's attempts at "harassing [him] regularly" and he requests that I investigative the person sending him these messages. (DE 7.)

## II. Discussion

### a. Standard of Review

To be heard in federal district court, a case must fall within the court's subject matter jurisdiction; indeed, the court must raise the jurisdictional issue *sua sponte* where appropriate. *See Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995); Fed. R. Civ. P. 12(h)(3).

In addition, because the Court has granted IFP status, I am obligated to screen the allegations of Akram's complaint to determine whether it:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). That screening provision applies to the complaints of all individuals who are proceeding *in forma pauperis*. *See, e.g., Grayson v.*

*Mayview State Hosp.*, 293 F.3d 103, 114 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)").

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint must contain "a short and plain statement" both "of the grounds for the court's jurisdiction" and of "the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a).

The court will be more forgiving of complaints filed *pro se* and will construe their allegations liberally. *Haines v. Kerner*, 404 U.S. 219 (1972). *Pro se* complaints are nonetheless bound to the "essential obligation" of facial plausibility. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019); *see also Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (noting that a pro se complaint is "construed liberally 'to raise the strongest arguments [it] suggest[s]," but must still "state a plausible claim for relief" (citations omitted)).

### b. Analysis

Even under the forgiving standard afforded pro se plaintiffs, Akram's complaint is clearly deficient, even if his filings suggest he was the victim of identity theft. Akram has failed to complete nearly all of the civil complaint form. He has not identified any federal claim or stated the facts on which it would be based. It fails to state a claim in the literal sense of the phrase. What Akram has done is attach 70 pages of correspondence and other documents, and has, in letters, asked the court to "investigate." It is the plaintiff, not the court, who must investigate. He must then state, in short and plain language,

the essential facts underlying his claim and identify the federal law under which he sues or some other basis for a federal court claim.

The attachments submitted with the complaint center, to some degree, on the alleged theft of Akram's identity. They do not on their own suggest a cause of action over which this Court would have jurisdiction.

No federal law claim is identified. *See generally* 28 U.S.C. § 1331. While certain kinds of identity theft may be punishable as crimes, *see, e.g.,* 18 U.S.C. § 1028 et seq., there is no private federal law cause of action for identity theft as such.[1]

To the extent plaintiff may intend to rely on state law, diversity jurisdiction has not been pled. All the parties to this case appear to be New Jersey citizens. *See generally* 28 U.S.C. § 1332.

In short, the complaint fails to clearly plead jurisdiction or a cause of action, to the extent it pleads them at all, rendering the complaint fatally deficient. While Akram may indeed have a valid claim, and his filings certainly indicate he finds himself in troubling circumstances, more is needed to proceed with a suit in federal court.

### III. Conclusion

For the reasons stated above, the complaint is **DISMISSED** upon initial screening pursuant to 28 U.S.C. § 1915(e). The dismissal is without prejudice to any case or claim over which this Court may possess jurisdiction.

Dated: July 6, 2022

/s/ Kevin McNulty

Kevin McNulty
United States District Judge

---

[1] The only apparent (albeit tenuous) link to federal law is the naming of an INS officer as a defendant. According to a police report attached to Akram's complaint, ISO Sprinkle informed Akram that someone may have stolen his identity after Sprinkle received a letter falsely signed in Akram's name that asked for Akram's citizenship application to be withdrawn. (DE 1 at 63.) No basis appears to name Sprinkle, who apparently was only trying to be helpful, as a defendant.